UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-cr-537 (JMC) |
| | ) | |
| PAUL RUSSELL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## PAUL RUSSELL JOHNSON'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION PENDING SENTENCING

Paul Rusell Johnson, through counsel, opposes the government's oral motion for detention pending sentencing. This Court has broad discretion to permit Mr. Johnson to remain on release, pursuant to 18 U.S.C. § 3145(c), on the current conditions of pretrial release to which he has already been subject, without violation, for nearly three years. For the reasons set forth below, this Court should exercise that discretion and deny the government's motion for detention.

On February 2, 2024, this Court entered a verdict finding Mr. Johnson guilty of several offenses and not guilty of several others. One of the charges of which he stands convicted is a violation 18 U.S.C. § 111(b), an offense generally deemed a crime of violence for the purposes of 18 U.S.C. § 3142(f)(1) and 18 U.S.C. § 3156(a)(4). While such an offense typically warrants detention following conviction, the Bail Reform Act also contains an exception, codified in 18 U.S.C. § 3145(c), allowing release for exceptional reasons. Those circumstances exist here, including Mr. Johnson's long compliance with pretrial release, his role as a small business owner and provider, the aberrant nature of his conduct, and the implications that immediate incarceration

would have on the custody of a child.  Further, Mr. Johnson is in all other respects an excellent candidate for release given his appearance at all court proceedings and demonstrated ability to comply with conditions of release.  Accordingly, the Court should find that exceptional reasons exist to order Mr. Johnson's release pending sentencing pursuant to 18 U.S.C. § 3145(c).

Legal Standard

Pursuant to 18 U.S.C. § 3143(a)(2), a defendant who has been convicted of certain offenses, including "crimes of violence" as defined in 18 U.S.C. § 3156(a)(4), shall be detained pending sentencing with certain exceptions. If not specifically enumerated in § 3156(a)(4), courts determine whether an offense constitutes a crime of violence under the Bail Reform Act by examining whether the elements categorically satisfy the force clause in § 3156(4)(A).  *See, e.g., United States v. Sabol*, 534 F. Supp. 3d 58, 67 (D.D.C. 2021).  As an initial matter, it does not appear that a § 111(b) conviction, as construed in this case, qualifies as a crime of violence.[1]

---

[1]     To be sure, courts have generally found that § 111(b) offenses constitute crimes of violence.  Because this Court adopted the government's construction of the statute over defendant's request that the offense require use of the object in a manner "likely" to cause serious bodily injury, however, it does not appear that the elements of the § 111(b) offense *as construed in this case* constitute a crime of violence ("COV").

Section 111(b) offenses typically qualify as COVs because the elements require proof that a defendant used an object with intent "to 'cause death or serious injury,' or attempt to do so." *United States v. McDaniel*, 85 F.4th 176, 188 (4th Cir. 2023). Because crimes of violence categorically require a mens rea of greater than recklessness as to the force element, *see Borden v. United States*, 141 S. Ct. 1817, 1833 (2021) (plurality), offenses requiring only reckless use of a dangerous weapon do not categorically constitute crimes of violence. *See, e.g., United States v. White*, 58 F.4th 889, 896 (6th Cir. 2023) (Ohio aggravated robbery not a COV because offense did not require mens rea greater than recklessness as to use or display of deadly weapon).  (Footnote continued on next page)

Even if Mr. Johnson's conviction under 18 U.S.C. § 111(b) is a "crime of violence," however, this Court has the authority to release a defendant if there are "exceptional reasons" why the person's detention would not be appropriate, and if the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger. *United States v. Harris*, 451 F. Supp. 3d 64, 69–70 (D.D.C. 2020) (J. Moss).[2]

The statute does not define "exceptional reasons," and the legislative history on the provision is "sparse and uninformative." *United States v. DiSomma*, 951 F.2d

---

Here, Mr. Johnson argued at trial that to use a weapon in a deadly or dangerous manner, it had to be used in a way "likely" to cause such harm, *see* ECF No. 291 at 13 & FN 16, consistent with the way the statute has often been interpreted. *See, e.g., United States v. Klein*, 533 F. Supp. 3d 1, 12 n.6 (D.D.C. 2021) (object must be used "in a way that is likely to endanger life or inflict great bodily harm.'"); *United States v. Chansley*, 525 F. Supp. 3d 151, 161-62 (D.D.C. 2021) ("As used in Sections 111 and 113, courts have consistently defined 'dangerous weapon' as an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm"); *United States v. Munchel*, No. 1:21-CR-118-RCL, 2023 WL 2992689, at *4 n.5 (D.D.C. Apr. 18, 2023) (dangerous weapon is "an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm."); *accord United States v. Loman*, 551 F.2d 164, 169 (7th Cir. 1977) (same); *United States v. Bey*, 667 F.2d 7, 11 (5th Cir. 1982) (same); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) (same); *United States v. Johnson*, 324 F.2d 264, 266 (4th Cir. 1963) (same).

The government, however, argued that the object need only be used in a manner "capable" of causing death or serious bodily injury, which the Court adopted for purposes of this case. ECF No. 313 at 11. While using an object intentionally in a manner *likely* to cause serious bodily injury or death rises above a mens rea of recklessness, using an object in a manner merely *capable* of causing serious bodily injury or death (even if unlikely to do so), does not—meaning the construction of § 111(b) adopted in this case falls outside the force clause. *Borden* 141 S. Ct. at 1833. Mr. Johnson may seek to supplement this motion after he has the opportunity to review the Court's findings of fact.

[2]    Noting that, "[a]lthough the D.C. Circuit has yet to weigh in, every court of appeals that has addressed the question has held that a district court judge may order a person released pursuant to 18 U.S.C. § 3145(c)." *Id.*

494, 497 (2d Cir. 1991). Nonetheless, § 3145(c) was intended to provide "an avenue of relief" from the mandatory provisions of the Bail Reform Act. *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992); *see also United States v. Price*, 618 F.Supp.2d 473, 480-81 (W.D.N.C. 2008) (that the "exceptional reasons" standard in § 3145(c) was adopted contemporaneously with the "mandatory detention" provision in § 3143(a)(2) indicates that "Congress intended [in § 3145(c)] to create an exception to the newly codified mandatory detention provision").

The phrase has been referred to as a "unique combination of circumstances giving rise to situations that are out of the ordinary." *DiSomma*, 951 F.2d at 497. A determination of what constitutes "exceptional reasons" must be made on a case-by-case basis. *Id; see also, United States v. Robinson*, 832 F. App'x 1, 2 (D.C. Cir. 2020) (unpublished) ("courts consider motions for release based on exceptional reasons pursuant to 18 U.S.C. § 3145(c) on an independent, case-by-case basis") (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). "A wide range of factors may bear upon the § 3145(c) analysis, and a district court has broad discretion ... to consider all the particular circumstances of the case before it and to draw upon its broad experience with the mainsprings of human conduct." *United States v. Harris*, 451 F. Supp. 3d 64, 71 (D.D.C. 2020) (internal citations and quotations omitted). That is, the § 3145(c) "analysis is flexible and permits courts to respond to real-world circumstances in a pragmatic and common-sense manner." *United States v. Al-Tamimi*, 2020 WL 4810120 at *6 (E.D.Va. No. 1:04-cr-385, Aug. 18, 2020) (citations omitted); *Harris*, 451 F. Supp. at 71.

-4-

Argument

In this case, Mr. Johnson submits that the Court should deny the government's motion for detention and continue his release pursuant to § 3145.  He is the owner/operator of a small tree-cutting business, which employs two individuals, and provides the financial support for his wife and three children.  Financially, a number of families rely on him.  He has also been granted primary physical custody of one of his children (whose biological mother is not Mr. Johnson's current wife), who has resided with him for the past seven years.  A child custody suit is ongoing, and should Mr. Johnson be detained the defense understands that the child will be removed from the home.[3]

Courts have found exceptional circumstances "where the personal hardship to the defendant goes beyond the difficulties typically presented by incarceration."  *See e.g. United States v. Reyes*, No. CR 21-1723-MV, 2024 WL 68526, at *3 (D.N.M. Jan. 5, 2024) (finding caretaking duties for gravely ill mother constituted exceptional circumstances); *United States v. Franklin,* 843 F. Supp. 2d 620, 623 (W.D.N.C. 2012) (finding that exceptional circumstances warranted release where defendant's son suffered from Tourette's Disorder, Obsessive Compulsive Disorder and a mood disorder, and the defendant's wife was unable to care for the son); *United States v. Porter,* No. 21-CR-190S, 2022 WL 2286323, at *2 (W.D.N.Y. June 24, 2022) (ordering

---

[3]    Mr. Johnson understands, of course, that he may be incarcerated at a later date regardless of the Court's ruling at this time, but with a sentence that permits him to self-report, any change to the child's custody status can be discussed and prepared for in advance, following the Court's determination of an appropriate sentence in this case.

temporary release of defendant pending sentencing so that she could attend her mother's funeral); *United States v. Williams,* 903 F. Supp. 2d 292, 302 (M.D. Pa. 2012) (exceptional circumstances existed where the defendant's wife was in immediate need of surgery and without the defendant's income, the family would become homeless).

Further, Mr. Johnson has no significant criminal history and no other arrest or conviction for any violent conduct whatsoever.  Indeed, the underlying conduct arose from unique circumstances on January 6, 2021, that are unlikely to recur. While his conduct on that day occurred over a period of hours, the conduct underlying his § 111(b) conviction occurred in a matter of seconds when Mr. Johnson joined a crowd of others in pushing his way through a police line at Peace Circle.  Mr. Johnson's full compliance with his conditions of release for close to three years, coupled with a lifetime of being a contributing and law-abiding member of society, before and after his conduct on January 6, 2021—only seconds of which could be characterized as violent—demonstrate that the conduct forming the basis of his § 111(b) conviction was aberrant.

As one Court of Appeals explained, "an exceptional circumstance that might justify release under § 3145(c) would be that the defendant's criminal conduct was aberrational." *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003).  The court reasoned that "[a] defendant with no prior history of violence may have acted violently, but uncharacteristically, in reaction to an unusually provocative

circumstance.[4]  Such a defendant may be guilty of a violent crime, and yet may not be the type of violent person for whom Congress intended the mandatory detention rule." *Id.*  To that end, the Tenth Circuit in *United States v. Mutte*, 383 Fed. App'x 716, 718 (10th Cir. 2010) (unpublished), affirmed a district court's order of release pending sentencing of a defendant convicted of assault resulting in serious bodily injury based primarily on the defendant's compliance with the conditions of his pretrial release and the fact that the defendant's "criminal act was aberrant in that he had not engaged in any such conduct since the charged assault." *Id.* at 717.

Many courts, including courts in this District, have cited *Garcia* in determining what constitutes "exceptional reasons" warranting release pursuant to § 3145(c).  *See, e.g.*, *United States v. Phillips*, 2023 WL 4540479, at *2 (E.D. Wash. July 13, 2023); *United States v. Neal*, 2022 WL 3448643, at *5 (N.D. Tex. Aug. 17, 2022); *United States v. Wiggins*, 613 F. Supp. 3d 348, 356 (D.D.C. 2020); *United States v. Dawson*, 2020 WL 1812270, at *3 (D. Kan. Apr. 9, 2020); *United States v. Harris*, 451 F. Supp. 3d 64, 70 (D.D.C. 2020).  And district courts across the nation have found that the aberrant nature of a defendant's conduct contributes to a finding of exceptional reasons. *see e.g. United States v. Syzmanski*, No. 3:08 CR 417, 2009 WL 1212249, at *2 (N.D. Ohio Apr. 30, 2009) (granting bond pending appeal and finding exceptional circumstances based in part on the aberrational nature of the criminal conduct, coupled with pretrial compliance and history of being a "good citizen."); *United States*

---

[4]     This is not to suggest that law enforcement was provocative on January 6, but that the general atmosphere and political rhetoric that incensed the crowd that day was.

*v. Cantrell*, 888 F. Supp. 1055, 1057–58 (D. Nev. 1995) (finding the nature of the assault made the defendant "a very unlikely threat to cause any harm to the community pending his sentencing" and a factor that supported a finding of exceptional circumstances); *United States v. DiMattina*, 885 F. Supp. 2d 572, 589 (E.D.N.Y. 2012) (relying in part on the aberrant nature of the defendant's criminal conduct in finding exceptional circumstances.).

The fact that Mr. Johnson's conduct was aberrational, coupled with his nearly three years of compliance with pretrial conditions, would be reason in itself to find that exceptional reasons warrant continued release in this case.

Moreover, while Mr. Johnson's conduct is undoubtedly serious, courts in this district have allowed defendants with equally or more serious convictions to remain under conditions of release pending sentencing. *See, e.g., United States v. Easterday*, 22-cr-404-JEB (defendant on bond since convicted by jury of violating of 18 U.S.C. § 111(b) on October 26, 2023, although a government motion to reconsider remains pending); *United States v. Sutton*, 21-cr-598-PLF (allowing police officer convicted of second degree murder and tampering with a witness in violation of 18 U.S.C. § 1512(b)(3) to remain on personal recognizance bond following conviction more than a year ago) (*see* Minute Entry dated December 21, 2022).

Accordingly, for all the above reasons, this Court should deny the government's oral motion for detention pending sentencing and allow Mr. Johnson to remain on conditions of release pursuant to 18 U.S.C. § 3145(c).

Dated: February 7, 2024.

Respectfully submitted,

PAUL RUSSELL JOHNSON
By Counsel,


<u>/s/ Lauren E. S. Rosen</u>
Lauren E. S. Rosen
Todd M. Richman
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org
Todd_Richman@fd.org