UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) ) | Criminal No. 1:21-cr-00537-JMC |
| **RYAN SAMSEL,** | ) ) ) | |
| **Defendants.** | ) ) | |

### DEFENDANT RYAN SAMSEL'S REPLY IN SUPPORT OF HIS MOTION FOR A NEW TRIAL OR JUDGMENT OF ACQUITTAL

In his Motion, Mr. Samsel argues that the because the government's egregiously late disclosure of the body-worn camera footage to support his conviction of 18 U.S.C. §§ 111(a)(2), (b)(2) and 2 charged in Count Thirteen prevented his ability to adequately prepare his defense and thus, he suffered prejudice from the late disclosure. *See* Mot. at 6-7 (Mar. 18, 2024) (ECF No. 359). While Mr. Samsel sought to have this evidence suppressed at trial, his motion was denied. *See* Mot. *In Limine* (Oct. 21, 2023) (ECF No. 300). In their response, the government contends that the denial of his Motion *In Limine* "should not serve as a basis for a new trial or judgment notwithstanding the verdict." Opp'n at 8 (Apr. 8, 2024). To the contrary, Rule 33(a) of the Federal Rules of Criminal Procedure does not preclude the defendant from bringing a motion for a new trial based if it was based on pretrial litigation. *See* Fed. R. Crim. P. 33(a)-(b) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . [a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty"). A judge who grants a new trial pursuant to Rule 33 in a criminal case need not assign any additional reasoning for the new trial other than that the new trial is required because would be in the interest of justice. *See also United States v. Wheeler*, 753 F.3d 200, 208 (2014) citing *United States v.*

1

*Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989) ("[t]he rules do 'not define 'interests of justice'' and 'courts have had little success in trying to generalize its meaning.'").  Additionally, "[t]rial courts enjoy broad discretion in ruling on a motion for a new trial." *Wheeler*, 753 F.3d at 208.

Dated: April 15, 2024  

Respectfully submitted,

 */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Ryan Samsel*

2

## **CERTIFICATE OF SERVICE**

On April 15, 2024, the undersigned hereby certifies- that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Ryan Samsel*
