UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 21 Cr. 537 (JMC) |
| v. | : | |
| JAMES TATE GRANT | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT
MOTION FOR ADDITIONAL TIME AND TO CONTINUE SENTENCING**

The Government has moved for a continuance of: (1) the time to respond to the defendant's Motion For Reconsideration of the denial of his Rule 29 motion with respect to the Obstruction Of An Official Proceeding until August 23, 2024; and (2) to delay the defendant's sentencing until late September. As a matter of professional courtesy, the defense can agree to a continuance of one week – until August 5, 2024 - for Government's reply to the pending motion to reconsider and a two-week continuance of the sentencing, until August 22, 2024. Any additional delay would create an undue hardship for defendant James Grant.

James Grant is not similarly situated with the other four co-defendants, who do not oppose the Government's requested continuances. Three of the co-defendants are free on pretrial release and so delaying the sentencing does not adversely affect their liberty interests. The remaining defendant, Ryan Samsel, was convicted of assaulting several police officers and by all accounts has a lengthy criminal record, which makes it unlikely that he would receive time served at the sentencing. In contrast, Mr. Grant will have been incarcerated more than thirty-one (31) months in August 2024. A sentence of time served would be consistent with other similar 111(b) cases in this jurisdiction. See, e.g., *United States v. Hamner*, 21 Cr. 689 (ABJ)(defendant received a thirty month sentence for 111(b) conviction after he hurled a billboard at law

enforcement officers, when Government recommended eighty-eight months); *United States v. Mock*, 21 Cr. 483 (JEB)(defendant sentenced to thirty-three months in case where he, *inter alia*, threw a broken flag pole at police officers and government recommended a one hundred and nine month sentence).

More fundamentally, the Government's position that it needs so much additional time because it is "still evaluating *Fischer's* impact on this case" seems to be unwarranted given the Supreme Court's unambiguous opinion. Indeed, in *United States v. Jackman,* 21 Cr. 378 (TJK), the Government advised the Court that it intended to dismiss the Obstruction Of An Official Proceeding charge prior to trial. DE 191. In *United States v. Riley*, 21 Cr. 69 (APM), the Government did not object to the defendant's release pending the resolution of his *habeas* petition to vacate his conviction for Obstruction Of An Official Proceeding. DE 73.

There is nothing inherent in the facts of this case that suggest a decision as to Count Ten cannot likewise be made in relatively short order. As noted, the Obstruction conviction does not change defendant Total Guideline sentence and there is no principled reason to continue defendant Grant's sentencing for two additional months.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to the Assistant United States Attorneys listed on the case docket and counsel for the co-defendants, this 23rd day of July, 2024.

*Robert Feitel*

_____

Robert Feitel