
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-00537-JMC |
| | : | |
| JAMES TATE GRANT, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT GRANT'S MOTION TO RECONSIDER JUDGMENT AND CONTINUE HIS SENTENCING**

To support his opposition, Defendant Grant cites the sentences in *U.S. v. Hamner*, 21-CR-00689 (ABJ) and *U.S. v. Mock*, 21-CR-00483 (JEB). Beyond noting the count of conviction, the Defendant does nothing to show that his situation is similar to those of Messrs. Hamner and Mock. In fact, beyond the fact of criminal behavior at the U.S. Capitol on January 6th 2021, there are few similarities.

Defendant Hamner carried and then pushed a Trump sign into the police line on the West Front for a few seconds. No injuries were specifically linked to this assault. Hamner chose to plead open, solely to 18 U.S.C. §231, and the Court applied USSG §2A2.4 (Obstructing or Impeding Officers), instead of §2A2.2 (Aggravated Assault), to reach a sentence of 30 months' incarceration on September 23, 2022. After multiple rounds of legal arguments, Hamner was found guilty of 18 U.S.C. §111(b) after a stipulated trial (which took about an hour) on February 1, 2024. By that point, Hamner was out of custody on Supervised Release. Judge Berman Jackson sentenced Hamner that same day to 30 months to run concurrent to the Civil Disorder sentence, so that Hamner could stay out on Supervised Release to run his business and help raise his four children.

Neither the facts underlying the offenses, nor the procedural history, nor Hamner's specific characteristics match Defendant Grant's case.

The sentence imposed in *U.S. v. Mock* is also readily distinguishable. First, Mock was convicted of different offenses from Grant's—111(a), not 111(b), as one example—and Mock did not enter the Capitol building, did not help lead the first major breach of the restricted perimeter, and did not assault officers in the uniquely consequential manner that sets apart Grant's conduct. Second, the sentence imposed in *Mock* was actually a variance upward from the Sentencing Guidelines range calculated by the defendant. While Probation calculated Mock's guidelines range to be 87 to 108 months, the defendant, represented by the Federal Public Defender for the District of Columbia, calculated it at 24 to 30 months. And while Grant violated his pretrial release conditions to such an extent that the Court had to remand him to custody, the opposite was true in *Mock*, where Probation recommended Mock's release after being remanded to custody after trial, then recommended easing Mock's release conditions after reporting that Mock was in full compliance.

Cherry-picking two January 6 cases where a sentencing court departed significantly downwards from the Government's recommended Sentencing Guidelines range hardly demonstrates that the same variance is warranted here, particularly where Defendant Grant says little about any similarities between those cases and his that would warrant the same treatment.

//
//
//
//
//

Ultimately, the sentences in these two cases do not justify cutting short the ability of the parties and the Court to thoughtfully consider complex issues surrounding the impact of *Fischer v. United States*, 144 S.Ct. 2176 (2024) before reaching a sentencing recommendation. What the Court determines in this case, even in light of a detailed, fact-specific decision, will not occur in isolation. It is not inappropriate or surprising that the United States seeks time, so that it can speak appropriately and consistently on issues of such import.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:    */s/ Alexandra F. Foster*
        ALEXANDRA F. FOSTER, D.C. Bar No. 470096
        KYLE R. MIRABELLI, N.Y. Bar No. 5663166
        J. HUTTON MARSHALL, D.C. Bar No. 1721890
        Detailees to the
        Washington D.C. U.S. Attorney's Office
        601 D Street N.W.
        Washington, D.C. 20530
        (619) 546-6735
        Alexandra.Foster@usdoj.gov