UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 21 Cr. 537 (JMC) |
| v. | : | |
| JAMES TATE GRANT | : | |
| Defendant. | : | |

**DEFENDANT'S SUPPPLEMENTAL**
**SENTENCING MEMORANDUM**

The parties agree that defendant James Grant's Total Guideline range in this case is 63-78 months. Notwithstanding, the Government has asked for a sentence of 108 months – which is more than seventy-percent (70%) higher than the low end of the guidelines. The government's recommendation is so disconnected from reality that the defense believes the Court should simply ignore it, then grant the defendant's motion for a downward variance and sentence James Grant to time served after thirty-three months of incarceration.

Even a cursory analysis of the Government's arguments in support of this request reveals that it is deeply flawed, based upon exaggeration, and wildly removed from the actual facts of this case.

First, the prosecution argues that "James Tate Grant travelled to Washington, D.C. intent on blocking the certification of the 2020 Presidential election." Gov. Memo. at p. 3. The alleged support for this argument is two emails that the defendant sent to members of the Georgia State legislature. No reasonable inference can be drawn from these emails that the defendant came to Washington, D.C. with the intent to block the vote certification.

Second, the prosecution engages in abject exaggeration, noting that "Even more

1

ominously, the second email read "decertify, or the nation is over and the rule of law will break down." Gov. Memo at p. 3. There is nothing ominous – and certainly nothing threatening - about the email; indeed it expresses a protected First Amendment opinion as part of the defendant's constitutional right to petition the Government.

Third, the Government continues to assert, despite all evidence to the contrary that "Grant and Blythe then joined in and tried to pull Randolph towards the rioters." Gov. Memo at p. 9. This is simply incorrect. James Grant tried to pull Randolph back towards his side of the bicycle rack.

Fourth, the prosecutors improperly try to conflate this defendant's conduct with that of all the other persons present at the Capitol on January 6. They wrote "Eventually the mob of rioters overwhelmed the officers on the West Front, despite reinforcement from MPD officers." Gov. Memo at p. 15. The Government's relentless efforts to tie all the January 6 defendants together was rejected (albeit in a slightly different context) in a very recent decision by Magistrate Faruqui that was reported on the District Court's website. The Government opposed the defendant's pre-trial request to travel out of the United States, arguing that his four misdemeanors were "serious offenses." The Court granted the motion, but noted in terms that apply with equal force in this case as follows:

> At bottom, it appears the government seeks to punish Mr. Cattani pre-trial for what happened on January 6th. This is a repeated theme from the government that must again be rejected. *See Irizarry*, 2022 WL 2284298, at *1. **It is "error" to make pre-trial release rulings based "on global judgments about all defendants charged with offenses related to January 6, rather than on an individualized assessment of safety concerns or flight risks presented by [a defendant] himself** (emphasis added).

*United States v. Cattani*, 23 MJ 243 (ZMF)(September 12, 2024); located at

https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2023mj0243-29.  It is likewise error for the Government to make global judgments for purposes of sentencing recommendations.

Fifth, the prosecution "ominously" argued that "the risk of another attack on the Capitol remains." Gov. Memo at p. 30. Even if this statement is true, there is not – nor could there be – (1) any evidence that James Grant would be responsible for the risk of a future attack; and (2) no principled basis to conclude that sentencing him to 108 months in jail would have any impact on anyone who would participate in a second attack.

In the final analysis, the prosecutors are asking this Court to reduce the sentencing phase of this case to reflect only one societal interest: punishing the defendant. The defense respectfully asks the Court to consider the full range of sentencing factors set forth in federal law, in common sense, and to impose the just and fair sentence requested by the defense.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C. 20008
D.C. Bar No. 366673
202-450-6133 (office)
202-255-6637 (cellular)
RF@RFeitelLaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via ECF to the Assistant United States Attorneys listed on the case docket and counsel for the co-defendants, this 17th day of September, 2024.

*Robert Feitel*

_____

Robert Feitel