IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-cr-537-JMC |
| RYAN SAMSEL, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT RYAN SAMSEL'S UNOPPOSED MOTION**

**FOR A BRIEF CONTINUANCE**

Defendant Ryan Samsel, by and through the undersigned counsel, hereby respectfully requests a continuance of his sentencing and an enlargement of time to file objections to the Presentence Report and his sentencing memorandum.

First, counsel does not file this request for any tactical advantage or for purposes of delay. Counsel has been diligently attempting to prepare for Mr. Samsel's sentencing hearing while juggling many other responsibilities and had hoped to be able to keep the sentencing date on track. Unfortunately, having taken over the case with such a lengthy record and considerable history at such a late date, this has proven impossible, especially after the unexpected court closings last week. Counsel will be out of town next week which has further complicated matters.

Mr. Samsel has voluminous medical records which counsel has endeavored to obtain, review, and understand. He has had a recent surgery scheduled and then cancelled at the last minute (after his pre-operative appointment). As this Court knows, he is housed at MDC Brooklyn, a BOP facility. Counsel had hoped to schedule an in-person meeting but has been

unable to do so due to other pressing matters. Counsel has been meeting with him regularly via video to make as much progress as possible, but much more needs to be done.

Counsel obtained the draft PSR and was surprised at the calculations contained therein - a range that exceeds nearly every other January 6 defendant sentenced to date. Counsel needs additional time to review and investigate the findings of the PSR and of course to review it with Mr. Samsel. In particular, the PSR alleges an extensive history of mostly minor offenses that coupled with alleged violations of probation result in criminal history category of 6. Counsel does not have a copy of any of the supporting documentation of the criminal history and will need to obtain it either from Probation or from Bucks County, PA. (A separate motion is being filed seeking an Order from the Court directing Probation to provide both government and defense counsel with all the records it has pertaining to paragraphs 114-118, the criminal history section of the draft PSR. Probation will not provide the records without a court order.) Counsel has multiple transcripts to review to ensure the PSR accurately reflects the trial findings and the history of the case. As of today, counsel has yet to be able to give Mr. Samsel a copy of his PSR – BOP regulations consider the PSR to be contraband. Counsel has reached out to the Warden to see if they can assist.

Therefore, understanding that the government and the Court wish to conclude this case as expeditiously as possible, counsel has no choice but to request a brief continuance. Counsel has consulted with the government and the parties suggest that objections to the PSR be provided to Probation on or before January 24, 2025, that sentencing memos and the final PSR to be filed on or before February 3, 2025, with responsive pleadings, if any, filed February 6, and that the sentencing hearing be scheduled at the Court's convenience either February 13th or 14th if available for the Court.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER
      /s/

_____

Michelle Peterson
Chief Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
Shelli_Peterson@fd.org